IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ARI BAILEY,

    Petitioner

v.

THOMAS R. KANE, ET AL.,

    Respondents

CIVIL NO. 3:CV-17-2105

(Judge Conaboy)



FILED
SCRANTON
NOV 21 2017

Per_____
DEPUTY CLERK

## MEMORANDUM
### Background

Ari Bailey, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se petition for writ of mandamus. Accompanying the petition is an in forma pauperis application. Bailey's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this action.

This is one of two mandamus petitions recently filed by Bailey which include claims of mail interference by correctional staff at USP-Lewisburg. Named as Respondents in the pending matter are Thomas Kane, Blake R. Davis, M. D. Caravajal, S. Young, David Ebbert, Jessica Reibsome, R. Wormeldorf, Ryan Smith, and Robert Marr. The petition generally describes Respondents as being employees of the United States Bureau of Prisons (BOP) it appears that some of the Respondents are USP-Lewisburg officials.

Petitioner initially alleges that between February 19, 2015 and July 25, 2017, the following non-Respondent USP-Lewisburg

1

officials: M. Wagner; Joe Ordonez; Suzanne Heath; Daniel Coombe; Dirk Norr; Figlo; James Fosnot; Brett Wert; Timothy Crawford; J. Hartman; A. Hartman; J. Page; D. Waughen; Daniel Knapp; Dallas Beachel; **and** S. Buebendorf stole, destroyed, confiscated, or obstructed his outgoing legal mail. The legal mail is described as being related to Bailey's pursuit of BOP administrative grievances.[1]

The petition next contends that Respondents Kane and Davis created a new BOP Special Management Unit (SMU) classification policy on August 9, 2016. See Doc. 1, ¶ 25. It is generally asserted that this SMU policy violates the Ex Post Facto Clause because it constitutes an increase in punishment.[2]

Petitioner indicates that he was assigned to the SMU on September 8, 2013. See id. at ¶ 42. Thereafter, on November 1, 2017, Petitioner was precluded from advancing to the next level of the SMU program by Respondents and was apparently designated as an SMU failure under the challenged BOP policy and as such designated for placement in an Administrative Maximum Facility (ADX). See id. at ¶ 32. It is unclear from the petition as to what relationship, if any, existed between the alleged improper change in Bailey's SMU status and his assertions of mail interference. It is equally

---

1. The petition provides no specific factual allegations regarding the conduct attributed to the above listed prison staff members with respect to the claims of mail interference.

2. A new law or policy violates the Ex Post Facto Clause when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). "One function of the Ex Post Facto Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000)

unclear as the exact role the respective Respondents allegedly played in the challenged conduct.

As relief Bailey requests that the Respondents be prevented from transferring him to an ADX and that he advanced within the SMU program.[3]

## Discussion

As previously discussed by this Court in addressing Petitioner's other recently filed mandamus action, although the federal writ of mandamus is technically abolished, this Court does have the power to compel a federal officer to perform a duty in limited circumstances under 28 U.S.C. § 1361. Arnold v. BLaST Intermediate Unit 17, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Mandamus relief is only available to a petitioner "if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). § 1361 provides in its entirety:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The awarding of mandamus relief is a drastic measure "to be invoked only in extraordinary situations." Stehney v. Perry, 101 F.3d 925, 934 (3d Cir. 1996) (quoting Allied Chem. Corp v. Daiflon, Inc., 449 U.S. 33, 34 (1980)); see also In Re Young, 382 Fed. Appx. 148, 149 (3d Cir. 2010). The "writ is a drastic remedy

---

3. Once again, the relief sought appears to have no relationship to the allegations concerning mail interference.

3

that is seldom issued and its use is discouraged." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000).

Bailey must establish that he is owed a "clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). The United States Supreme Court in Allied elaborated that a mandamus petitioner has the burden of establishing a clear and indisputable right to relief. Allied, 449 U.S. at 35; see also Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976).

Second, relief is only available to bailey if he has exhausted all other avenues of relief, and has no other adequate means to attain the relief he desires. Heckler, 466 U.S. at 616; Hinkel v. England, 349 F.3d 162, 164 (3d Cir. 2003)(petitioner must show that he has no other adequate means to attain his desired relief). In Kerr, the Supreme Court noted that in order to receive mandamus relief, the party seeking it must "have no other adequate means to attain the relief he desires... ." Kerr, 426 U.S. at 403.

In Maxwell v. United States, 2008 WL 4609996 (M.D. Pa. Oct. 14, 2008)(Jones, J.), the district court addressed a request for mandamus relief by a USP-Lewisburg prisoner who sought to compel the BOP to provide him with medical care. Relief was denied because the applicant failed to establish a clear and undisputable right to relief and had alternative available remedies. See also Impala v. U.S. Department of Justice, 2014 WL 5825317 (M.D. Pa. Nov. 10, 2014)(Kosik, J.)(request for mandamus relief denied since claim could be pursued in a civil action).

4

Based upon the standards developed in Weldon, Maxwell, and Impala, Bailey is not entitled to mandamus relief since he can pursue any allegation of mail interference or improper SMU related classification in a federal civil rights action. In addition, it is apparent that Petitioner can initially challenge a recent November 1, 2017 classification/designation by USP-Lewisburg staff via the BOP's administrative grievance procedure. Finally, Bailey's vaguely stated unrelated claims of mail interference, ex post facto violation, improper classification as an SMU failure and designation to an ADX do not satisfy his burden of establishing a clear and undisputable right to mandamus relief.[4]

**Conclusion**

Since Bailey has failed to establish a clear and undisputable right to the requested relief and has alternate available remedies, his mandamus petition will be dismissed without prejudice. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 31st, 2017

---

4. It is noted that the Petitioner is still at USP-Lewisburg and has not yet been transferred to an ADX facility.

5